UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMERICA CARGO TRANSPORT, INC.,

Plaintiff,

v.                                        CASE NO. C05-393JLR

UNITED STATES OF AMERICA,                 ORDER

Defendant.

## I.   INTRODUCTION

This matter comes before the court on Plaintiff America Cargo Transport, Inc.'s ("ACT") motion for a preliminary injunction (Dkt. #2).[1] Having reviewed all of the pleadings filed in support of and in opposition to the motion and heard oral argument, the court DENIES Plaintiff's motion for a preliminary injunction.

## II.   BACKGROUND

ACT is a Washington corporation that owns and operates "U.S.-flagged" cargo vessels transporting various goods throughout the world. ACT seeks to prevent Defendant United States ("the Government") from transporting vegetable oil to India on

_____

[1] The court deemed Plaintiff's Motion for Order of Entry of Temporary Restraining Order and Order to Show Cause Re Entry of Preliminary Injunction a motion for a preliminary injunction. Minute Order, Dkt. # 7 (Mar. 11, 2005).

ORDER – 1


GOVERNMENT
EXHIBIT
C

1  foreign-flagged vessels in alleged contravention of federal cargo preference laws.[2]

2  According to ACT, the United States Agency for International Development ("USAID")

3  wrongly rejected its bid to transport a full cargo load of vegetable oil (5,660 metric tons)

4  to India, and instead accepted substantially lower bids from foreign-flagged carriers.[3]

5      ACT alleges that USAID violated federal cargo preference laws by failing: (1) to

6  award the cargo contract to a U.S.-flagged ocean carrier first, or in the alternative, to seek

7  the United States Maritime Administration's ("MarAd") concurrence prior to awarding

8  the contract to a foreign-flagged vessel, (2) to use ACT's bid as the benchmark to

9  determine the lowest landed cost, and (3) to assure that 75% of cargo financed by the

10 federal government is allotted to U.S.-flagged carriers.  The Government denies these

11 allegations and contends that ACT does not have standing to protest USAID's award

12 determination because its bid failed to meet the needs of the Government and was

13 therefore "nonresponsive."

14

15      ACT further alleges that it will suffer immediate and irreparable harm if the court

16 refuses to enjoin USAID from transporting vegetable oil to India on foreign-flagged

17 vessels.  Specifically, ACT asserts that its U.S.-flagged vessel, THUNDER/

18 LIGHTNING, will potentially sit idle during the performance of the expected contracts,

19

20

21 _____

22     [2]Specifically, ACT seeks a preliminary injunction (1) rendering USAID's
   contracts with other carriers to transport the vegetable oil "suspended, void, and
23 otherwise unenforceable" and (2) prohibiting the United States from transferring its
   rights to the vegetable oil to another entity until the United States: (a) re-tenders the
24 vegetable oil and re-solicits bids for its transport, (b) evaluates the bids in strict
25 compliance with the Cargo Preference Act and its implementing regulations, (c)
   awards the contracts to transport the vegetable oil in strict compliance with such law
26 and regulations, and (d) obtains concurrence from MarAd.  Pl. Mot. at 3-4.

27     [3]USAID allegedly awarded shipping contracts to foreign-flagged carriers for all but
28 730 metric tons of vegetable oil.  Ahmad Decl. at ¶3.

ORDER – 2

1   and as a result, ACT might have to lay-off crew members and will potentially lose the

2   ability to perform other shipping contracts transporting cargo from India to other ports.

### III.    DISCUSSION

**A.    Legal Standard**

To obtain a preliminary injunction, the moving party must show (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions exist and the balance of hardships tips in its favor.[4] Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839-40 (9th Cir. 2001); see also Fed. R. Civ. P. 65. The two prongs of the alternative test are not separate inquiries, but rather "extremes of a single continuum." Clear Channel Outdoor, Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003). Thus, "the required degree of irreparable harm increases as the probability of success decreases." Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The court must find, however, that a "significant threat of irreparable injury" exists before entering a preliminary injunction. Id.

In addition, if a case implicates the public interest, then the court must consider whether the public interest favors granting an injunction. E.g., Southwest Voter Registration Educ. Project v. Shelley, 344 F.3d 914, 917 (9th Cir. 2003). Cases involving

---

[4]In the Ninth Circuit, this test is commonly known as the "alternative test." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). The Ninth Circuit's "traditional test" requires the court to find that:

(1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief.

Id. ACT relies on the "alternative test" to demonstrate the need to issue a preliminary injunction.

ORDER – 3

1  government procurement contracts suggest that courts should defer to administrative

2  proceedings because there is a "strong public interest in avoiding disruptions in

3  procurement and for withholding judicial interjection unless it clearly appears that the

4  case calls for an assertion of overriding public interest." San Diego Beverage & Kup v.

5  U.S. Dep't of Defense, 997 F. Supp. 1343, 1345 (S.D. Cal. 1998) (quoting Shoals Amer.

6  Indus., Inc. v. U.S., 877 F.2d 883, 888 (11th Cir. 1989)).

7

8  **B.    ACT Fails to Demonstrate Irreparable Harm**

9       ACT argues that this court should enter a preliminary injunction against USAID

10  because it will suffer irreparable harm if the court fails to enter an injunction and it will

11  likely succeed on the merits. "To constitute irreparable harm, 'the injury must be both

12  certain and great . . . actual and not theoretical.'" San Diego, 997 F. Supp. at 1347

13  (quotation omitted). Temporary economic loss by itself is generally not a basis for

14  injunctive relief. Arcamuzi v. Cont'l Air Lines, Inc., 819 F.3d 935, 938 (9th Cir. 1987);

15  see also, Sampson v. Murray, 415 U.S. 61, 90 (1974) ("The possibility that adequate

16  compensatory or other corrective relief will be available at a later date, in the ordinary

17  course of litigation, weighs heavily against a claim of irreparable harm.").

18

19       Here, ACT alleges that it will suffer irreparable harm unless the court enters a

20  preliminary injunction because its U.S.-flagged vessel, THUNDER/LIGHTNING, may sit

21  idle as a result of losing the vegetable oil contract, potentially need to lay-off crew

22  members, and lose the ability to execute other shipping contracts previously planned

23  requiring cargo transport from India to other ports. Admitting that it is currently seeking

24  a replacement voyage (Ahmad Decl., at ¶8), ACT's alleged harms appear more

25  speculative than certain. Taken together, ACT's alleged injuries fail to constitute a

26  significant threat of *irreparable* harm. Even assuming ACT fails to find a replacement

27  contract and the alleged harms result, ACT could be adequately compensated at trial

28

ORDER – 4

should it succeed on the merits. ACT has not alleged any injuries that monetary damages could not remedy. See Arcamuzi, 819 F.3d at 938 (economic loss alone is generally not a basis for injunctive relief). Thus, the court DENIES ACT's motion for a preliminary injunction – for failing to demonstrate a significant threat of irreparable harm exists – and will not consider whether ACT is likely to succeed on the merits or whether the public interest favors granting a preliminary injunction. See Oakland Tribune, 762 F.2d at 1378 (affirming district court's refusal to enter a preliminary injunction where a significant threat of irreparable injury did not exist and the court's refusal to consider the likelihood of success on the merits).

## IV. CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's motion for a preliminary injunction (Dkt. # 2).

DATED this 22nd day of March, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 5