# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ ) | | |
| AMERICAN CARGO ) | | |
| TRANSPORT, INC. ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Action No.: 05-1452 (RBW) | |
| ) | ECF | |
| ANDREW S. NATSIOS, ) | | |
| U.S. AGENCY FOR INTERNATIONAL ) | | |
| DEVELOPMENT, ) | | |
| and JOHN JAMIAN, ACTING ) | | |
| MARITIME ADMINISTRATOR, ) | | |
| DEPARTMENT OF TRANSPORTATION, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

## DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**I.    Introduction.**

Defendants U.S. Agency for International Development (USAID) and Maritime Administration (MARAD) hereby submit this Reply Brief in support of their Motion for Summary Judgment. As discussed below, Plaintiff's Opposition has not shown how USAID violated the Administrative Procedure Act ("APA") when it invoked the "notwithstanding" authority provision under 7 U.S.C. § 1722(a) to provide emergency food to Somalians. More importantly, this case is moot because the sorghum cargo at issue has sailed and Plaintiff fails to meet its burden of demonstrating that the exception to the mootness doctrine applies in this case. For these reasons, the Court should grant Defendants' Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment as moot.

1

**II.     Argument.**

**A.     Defendants Did not Violate the APA.**

Plaintiff's Opposition advances three arguments in attempt to show that USAID acted arbitrarily or capriciously in violation of the APA when USAID invoked the "notwithstanding" authority provision to award the sorghum cargo to a foreign-flag ship.  These arguments are without merit as shown below.

**(i)     USAID Had Complete Discretion to Invoke the "notwithstanding" Authority Provision.**

Plaintiff's Opposition asserts that USAID's decision to invoke the "notwithstanding" authority provision was subject to judicial review.  Pl. Opp. at 2-3.  Plaintiff, however, fails to articulate a judicially manageable standard for which this Court could employ to review USAID's decision.  Plaintiff fails to do so because such a standard does not exist.

As discussed in Defendants' Motion and Opposition to Plaintiff's Motion for Summary Judgment, a judicially manageable standard does not exist where the statutory language is expressed in broad terms.  See Def. Opp. at 2-3; see also Padula v. Websters, 822 F.2d 97, 100 (D.C. Cir. 1987) (noting that "[u]nder the 'committed to agency discretion by law' exception to the presumption of reviewability . . .review will not be had 'if no judicially manageable standards are available for judging how and when an agency should exercise its discretion.").  Here, the "notwithstanding" authority provision is expressed in such a general term that it does not provide for a judicially manageable standard for review.  Specifically, the provision's broad language is apparent.  The provision allows USAID to provide emergency food "notwithstanding" any other provision of law.  As discussed in Defendants' Opposition, the D.C.

2

Circuit analyzed a similarly broad "notwithstanding" authority provision and concluded that the statutory language was clear and thus it was dispositive.  See Crowley Caribbean Transp. v. United States, 865 F.2d 1281, 1283 (D.C. Cir. 1989).  Like Crowley, the statute in this case is similarly clear and should be dispositive.  See 7 U.S.C. § 1722(a).  Under the broad statutory language of 7 U.S.C. § 1722(a), USAID has complete discretion in providing emergency food to address humanitarian needs "notwithstanding" any other law.  Accordingly, the Court should defer to USAID's decision as one that is "committed to agency discretion by law" and grant summary judgment in Defendants' favor.

### (ii)    The Sorghum Cargo Was an Emergency Cargo.

Plaintiff next argues that "the Government has not demonstrated that an emergency within the meaning of 7 U.S.C. § 1722(a) was properly invoked."  Pl. Opp. at 4.  This argument is also without merit.  In fact, Plaintiff's counsel's admission at the TRO hearing undermines this argument.  Specifically, Plaintiff's counsel conceded that "there is an existing emergency in Somalia."  TRO Trans. at p. 22.  Moreover, the Administrative Record also shows that foods going to Somalia were designated as emergency foods.  See A.R. 27.  Finally, the call-forward request designated the sorghum cargo as an emergency food cargo.  See Def. Opp. at Gov. Exh. A.

Under these facts, there cannot be a serious dispute that there was an emergency within 7 U.S.C. § 1722(a), which allows USAID to provide agricultural commodities "to meet emergency food needs," "notwithstanding" any other provision of law.  7 U.S.C. § 1722(a).  Accordingly, the Court should reject this argument and grant Defendants' summary judgment motion.

(iii)    *Crowley* **Squarely Applies in this Case**.

Plaintiff then contends that Defendants' reliance on Crowley is misplaced.  Pl. Opp. at 4.
Plaintiff argues that Crowley was decided on the pleadings alone and the basis for invoking the
emergency authority was unchallenged.  Id.

Defendants do not dispute that, in Crowley, the D.C. Circuit decided the issue on the
pleadings and did not review an administrative record.  In any event, an administrative record
would be irrelevant to the D.C. Circuit's decision because it was only reviewing the scope of the
"notwithstanding" authority provision under the Foreign Assistance Act ("FAA").  See Crowley,
865 F.2d at 1282-83.  In Crowley, the plaintiff sought declaratory judgment that Section 491
(i.e., the "notwithstanding" authority provision under the FAA) exempts relief shipments from
the Cargo Preference Act ("CPA") only when compliance with the CPA would cause significant
delay in providing relief.  Id. at 1282-83.  USAID, on the other hand, argued that Section 491
give it complete discretion in using any vessel to deliver disaster relief.  Id.

"The district court agreed with AID's *interpretation of the statute* and denied the
requested declaratory judgment."  Id. (emphasis added).  In affirming the district court's
decision, the D.C. Circuit analyzed the "notwithstanding" statutory language of Section 491 and
concluded that "'a clearer statement is difficult to imagine.'"  Id.  Similar to the
"notwithstanding" language in Section 491, the "notwithstanding" language in 7 U.S.C. 1722(a)
in this case is equally clear.  Both statutes allow USAID to provide relief "notwithstanding" any
other law, without exception. Accordingly, the Court should follow the holding in Crowley and
reject Plaintiff's incorrect analysis of the D.C. Circuit's decision.

As a final effort, citing to a Senate Report, Plaintiff argues that the legislative history

4

suggests that Section 1722(a)'s "notwithstanding" provision "is not intended to modify, alter, or reduce" the seventy-five percent U.S. shipping requirement under the Cargo Preference Act.  Pl. Opp. at 6.  This argument is a red-herring.

As a preliminary issue, when Congress enacted 7 U.S.C. § 1722(a) the language in the Senate Report was never made part of the statute.  In short, Congress considered this language but rejected it.  More importantly, the D.C. Circuit also considered the legislative history issue when analyzing the "notwithstanding" provision of Section 491 and declined to review its legislative history.  Specifically, the D.C. Circuit stated,

> As we find the plain language of § 491 decisive of the question before us, we will resist the temptation to engage in exegesis of its legislative history.  If, as is the case here, the terms of the statute are clear, and no "clearly expressed legislative intention to the contrary" is shown, then the statutory language is dispositive.

Crowley, 865 F.2d at 1283.

As discussed above, like Section 491, the "notwithstanding" language of 7 U.S.C. § 1722(a) is clear on its face and, therefore, its "statutory language is dispositive."  Id. Accordingly, the Court does not need to delve into Section 1722(a)'s legislative history to determine whether USAID's complete discretion to invoke this provision is subject to any exception.

**B.      This Case is Moot.**

Plaintiff does not dispute that the cargo has been delivered and the sorghum has been probably consumed at this point.  Plaintiff, however, maintains that the controversy remains live because "[n]owhere in the Government submission is there an undertaking to forswear use of

5

these extraordinary authorities in the future." Id. at 7.  Plaintiff's argument  impermissibly shifts the burden to Defendants to prove that the exception to the mootness doctrine does not apply.

As discussed in Defendant's Motion, this case is now moot but the Court may nevertheless consider the issues presented if those issues are "capable of repetition, yet evading review." See Def. Mot. at 11-12.  Under this "capable of repetition" exception to the mootness doctrine, the plaintiff has the burden of demonstrating its applicability.  Id.; see also Public Utilities Comm'n of California v. FERC, 236 F.3d 708, 714 (D.C. Cir. 2001).  In California, the D.C. Circuit explained that the Supreme Court has held that capable of repetition means that there was a reasonable expectation that the same complaining party would be subjected to the same action again.  Id. (citing Weinstein v. Bradford, 423 U.S. 147, 149 (1975)).  "A theoretical possibility, however, is not sufficient to qualify as 'capable of repetition.'"  Beethoven.com  v. Library of Congress, 394 F. 3d 939, 951 (D.C. Cir. 2005).  "There must instead be a 'reasonable expectation' or 'demonstrated probability' that the action will recur."  Id.

Here, Plaintiff has not described any factual scenario that would demonstrate that there is a "reasonable expectation" or demonstrated probability" that Plaintiff would suffer a similar injury.  Plaintiff baldly asserts that this controversy remains live because Plaintiff's vessels "will remain subject to peremptory invocation or threat of this ["notwithstanding"] authority absent further judicial guidance."  Pl. Opp. at 7-8.  This generalized statement does not meet the burden of providing specific factual circumstances where Plaintiff would be subject to Defendants' same action.  As explained in Defendants' Motion, at a minimum, Plaintiff  "must show that it would be the lowest U.S.-flag vessel bidder the next time USAID has a tender for transporting emergency food."  Def. Mot. at 12.  Plaintiff has not made this showing.  Plaintiff, therefore,

6

fails to meet its burden of showing that the exception to the mootness doctrine applies here. Accordingly, the Court should dismiss this case as moot because the cargo has left the port.

### C.    Plaintiff Does Not Have a Claim Against MARAD.

Plaintiff contends that MARAD is a proper defendant in this case because MARAD has a statutory role in the administration of the Cargo Preference Act.  Pl. Opp. at 8.  This contention misses the point.  The underlying issue in this case is not about the Cargo Preference Act; rather, it is about the applicability of 7 U.S.C. § 1722(a) that gives USAID complete discretion to deliver emergency food to meet humanitarian needs, "notwithstanding" any other provision of law.  There cannot be any dispute that 7 U.S.C. § 1722(a) only applies to USAID, and not MARAD.

In any event, Plaintiff does not have standing to sue MARAD because Plaintiff fails to meet the "redressability" element of the standing doctrine.  Specifically, to have standing, Plaintiff must demonstrate redressability – in that there is a likelihood that the requested relief will redress the alleged injury.  Steel Co. v. Citizens for Better Env., 523 U.S. 83, 102-03 (1998) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  Here, it is unclear what redress MARAD can provide Plaintiff even if the Court grants Plaintiff's Motion for Summary Judgment.  Indeed, as discussed in Defendants' Motion and Opposition, MARAD was sympathetic to Plaintiff's plight and actually protested USAID's award of the sorghum shipment to a foreign vessel.  Def. Mot. at 10 n.6; Def. Opp. at 2 n.1. See also A.R. 91-98.

Moreover, Plaintiff has not articulated any redress that it is actually seeking from MARAD.  Accordingly, the Court should dismiss  MARAD from this case because Plaintiff lacks standing to sue.  See Raytheon Co. v. Ashborn Agencies, Ltd., 372 F.3d 451, 454 (D.C.

Cir. 2004) (dismissing plaintiff's case for lack of standing because the relief sought by plaintiff will not redress the injury of which it complains).

**III.    Conclusion.**

The Court should grant Defendants' Summary Judgment Motion and deny Plaintiff's Summary Judgment Motion as moot because USAID did not violate the APA as it had complete discretion in providing emergency food under 7 U.S.C. § 1722(a).  Alternatively, the Court should simply dismiss this case as moot.

Dated:  November 30, 2005.                     Respectfully Submitted,


                                 _____/s/_____
                                 KENNETH L. WAINSTEIN, D.C. BAR #451058
                                 United States Attorney


                                 _____/s/_____
                                 R. CRAIG LAWRENCE, D.C. BAR #171538
                                 Assistant United States Attorney

                                 _____/s/_____
                                 JOHN C. TRUONG, D.C. BAR #465901
                                 Assistant United States Attorney
                                 555 Fourth Street, N.W.
                                 Washington, D.C.  20530
                                 (202) 307-0406

                                 Attorneys for Defendants